The Honorable Richard M. Weiss Clerk of the Circuit Court Polk County Courthouse 220 West Church Street Drawer CC-1, Post Office Box 9000 Bartow, Florida 33831-9000
Dear Mr. Weiss:
As Clerk of the Circuit Court for Polk County, you ask the following question:
Does section 48 of Chapter 01-254, Laws of Florida, which limits subsistence reimbursement under section 112.061, Florida Statutes, apply to county employees?
In sum:
Section 48 of Chapter 01-254, Laws of Florida, which limits subsistence reimbursement under section 112.061, Florida Statutes, does not apply to county employees, officers or authorized persons traveling on behalf of the county.
Section 112.061, Florida Statutes, sets forth the uniform travel expense law for public agencies of this state. The Legislature's intent is that travel expenses and per diem for all public officers, employees, or authorized persons whose travel expenses are paid by a public agency be subject to the rates and limitations set forth in the statute, unless expressly exempted by general law or in conflict with special or local law.[1]
For purposes of section 112.061, Florida Statutes, "[a]gency or public agency" is defined as:
"Any office, department, agency, division, subdivision, political subdivision, board, bureau, commission, authority, district, public body, body politic, county, city, town, village, municipality, or any other separate unit of government created pursuant to law."[2] (e.s.)
Thus, section 112.061, Florida Statutes, provides the method by which travel expenses for county officers, employees, and authorized persons are to be paid by a public agency.[3] Section112.061(2)(k), (l), and (m), Florida Statutes, defines the different classes of travel:
"(k) Class A travel — Continuous travel of 24 hours or more away from official headquarters.
(l) Class B travel — Continuous travel of less than 24 hours which involves overnight absence from official headquarters.
(m) Class C travel — Travel for short or day trips where the traveler is not away from his or her official headquarters overnight."
Section 112.061(5), Florida Statutes, in prescribing the method for the computation of travel time for reimbursement, provides in paragraph (b):
"A traveler shall not be reimbursed on a per diem basis for ClassC travel, but shall receive subsistence as provided in thissection, which allowance for meals shall be based on the following schedule:
1. Breakfast — When travel begins before 6 a.m. and extends beyond 8 a.m.
2. Lunch — When travel begins before 12 noon and extends beyond 2 p.m.
3. Dinner — When travel begins before 6 p.m. and extends beyond 8 p.m., or when travel occurs during nighttime hours due to special assignment. No allowance shall be made for meals when travel is confined to the city or town of the official headquarters or immediate vicinity; except assignments of official business outside the traveler's regular place of employment if travel expenses are approved. The Comptroller shall establish a schedule for processing Class C travel subsistence payments at least on a monthly basis." (e.s.)
Section 112.061(6), Florida Statutes, in setting forth the rates of per diem and subsistence reimbursement, states in paragraph (b):
"All travelers shall be allowed the following amounts for subsistence while on Class C travel on official business as provided in paragraph (5)(b):
1. Breakfast . . . . . . . . . . . . . . . . . . . . . . . $ 3
2. Lunch . . . . . . . . . . . . . . . . . . . . . . . . . $ 6
3. Dinner . . . . . . . . . . . . . . . . . . . . . . . . $12"
During the 2001 legislative session, the Legislature passed Senate Bill 2002 (enacted as Chapter 01-254, Laws of Florida) to implement the 2001-2002 General Appropriations Act (Chapter 01-253, Laws of Florida). Section 48 of Chapter 01-254 added paragraph (c) to subsection 112.061(5) and paragraph (d) to subsection 112.061(6), Florida Statutes, which both provide:
"For the 2001-2002 fiscal year only and notwithstanding the other provisions of this subsection, for Class C travel, a state traveler shall not be reimbursed on a per-diem basis nor shall a traveler receive subsistence allowance. This paragraph expires July 1, 2002."
You ask whether the above language applies only to state travelers or also includes those traveling on behalf of the county.
In construing statutes, the Legislature's intent should be ascertained and effectuated.[4] Section 48 of Chapter 01-254, Laws of Florida, in providing for the amendment of section 112.061(5) and (6), Florida Statutes, provides:
"In order to implement sections 2-7 of the 2001-2002 General Appropriations Act, subsections (5) and (6) of section 112.061, Florida Statutes, are amended to read:. . . ."
The 2001-2002 General Appropriations Act is the general appropriation act for state government, funding the various branches and agencies of state government. It is not the general funding mechanism for local government's payment of travel expenses for county personnel. It therefore appears that the intent of the Legislature in enacting section 48 of Chapter 01-254, Laws of Florida, was to limit subsistence reimbursement for travelers whose reimbursement is paid by the state.
Accordingly, I am of the view that section 48 of Chapter 01-254, Laws of Florida, which limits subsistence reimbursement under section 112.061, Florida Statutes, does not apply to county employees, officers, or authorized persons traveling on behalf of the county.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, s. 112.061(1), Fla. Stat.
[2] Section 112.061(2)(a), Fla. Stat.
[3] See, s. 112.061(2)(c), (d), and (e), Fla. Stat., respectively defining "[o]fficer or public officer," "[e]mployee or public employee," and "[a]uthorized person."
[4] See, e.g., Ervin v. Peninsular Telephone Company,53 So.2d 647 (Fla. 1951) (The Supreme Court has the duty in construction of statutes, to ascertain the legislature's intention and effectuate it); State v. Webb, 398 So.2d 820 (Fla. 1981) (legislative intent is the polestar by which the courts must be guided); Op. Att'y Gen. Fla. 94-37 (1994) (paramount rule of statutory construction is to ascertain the intent of the Legislature).